# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR SARASOTA COUNTY, FLORIDA

PHILLIP G. LASSITER,

      Plaintiff,

vs.

DANKA OFFICE IMAGING COMPANY,

      Defendant.

_____/

Case No.: **2003 CA 5300 NC**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PHILLIP G. LASSITER, by and through undersigned counsel, hereby sues

Defendant, DANKA OFFICE IMAGING COMPANY, and states the following:

1.      This is an action for damages that are in excess of $15,000.

2.      Upon information and belief, Defendant, is and was at all times material hereto

a duly organized and incorporated corporation conducting business at a facility located at 347

Interstate Blvd., Sarasota, Florida.

3.      Plaintiff was an employee of Defendant for over 8 years starting on May 12,

1994, until he was terminated on January 31, 2003.

4.      Plaintiff worked at Defendant's above-mentioned Sarasota facility in the position

of field engineer (also known as a technician).

5.      During his 8 plus years of employment with the Defendant, Plaintiff performed

his job very well, to the best of his ability, and as a result he repeatedly achieved excellent

annual job performance evaluations from the Defendant.

2

6. On October 30, 2002, while Plaintiff was at work for the Defendant he suffered a heart attack for which he sought immediate emergency medical care. He was hospitalized with significant cardiac problems and underwent cardiac surgery.

7. As a result of his heart attack, cardiac surgery, and subsequent recovery, and pursuant to his doctor's orders, Plaintiff was out of work on medical leave for this serious health condition from October 31, 2002, until January 2, 2003.

8. On January 2, 2003, Plaintiff was allowed by his doctor to return back to work for the Defendant, and Plaintiff did return to work on that day with no job restrictions.

9. Two weeks later, on January 14, 2003, Plaintiff suffered some symptomatic health problems from his above-mentioned serious health condition when his arm went paralyzed while he was at work for the Defendant for which he sought immediate emergency medical care and was hospitalized.

10. As a result of the aforementioned serious health condition, Plaintiff was out of work on medical leave from January 14, 2003, through January 16, 2003. He returned back to work for the Defendant on January 16, 2003, with no job restrictions.

11. Plaintiff's supervisor, Larry Marlowe, was irritated with the medical leaves and appointments that Plaintiff was taking, and Mr. Marlowe pointedly questioned the Plaintiff if he was going to have any more medical appointments indicating that the Plaintiff was taking too much time off from work due to his cardiac problems.

12. However, by availing himself of the above-described medical leaves, Plaintiff was exercising his lawfully protected rights to medical leave which he is entitled to under the Family and Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. §§ 2601 - 54.

2

13.    On early Friday morning, January 31, 2003, just two weeks after the Plaintiff

took his last medical leave, the Defendant's Mr. Marlowe terminated the Plaintiff without any

fore-warning, under the pretext that the Plaintiff just happen to be innocently chosen to be laid

off as part of a larger company-wide lay-off.

14.    In actuality Plaintiff was chosen to be terminated or "laid off" because he was

missing too much time from work while exercising his rights to medical leave under the

FMLA for his cardiac condition, and based upon Mr. Marlowe's stereotypical misperception

and discrimination of Plaintiff's physical health related to his cardiac condition.

15.    At the time of his termination and at the present time, Plaintiff was and is

qualified for the position of field engineer that he held with Defendant, in that he was and is

physically and mentally capable of performing the essential functions of his position as a field

engineer, or he was qualified to assume another position with the Defendant at the time of his

termination.

16.    At the time of his termination, Plaintiff was an eligible employee as defined by

29 U.S.C. § 2611(2) of the FMLA, in that he was employed for at least 12 months by the

Defendant for at least 1,250 hours of service with the Defendant during the previous 12-month

period prior to him exercising his rights under the FMLA.  In addition, Plaintiff was employed

at a worksite at which the Defendant employed 50 or more employees within 75 miles of that

worksite.

17.    Defendant is an employer as defined by 29 U.S.C. § 2611(4) of the FMLA in

that the Defendant is engaged in commerce or in an industry or activity affecting commerce

which employs 50 or more employees for each working day during each of 20 or more

3

calendar workweeks in the current or preceding calendar year. In addition, the Defendant has employees – including Plaintiff – subject to the provisions and protections of the FMLA in the facility where Plaintiff was employed.

18.   Plaintiff was entitled to medical leave under the FMLA pursuant to 29 U.S.C. § 2612(a)(1)(D) because he suffered from a serious health condition -- as defined by 29 U.S.C. § 2611(11) – in that he had an illness, injury, impairment, or physical or mental condition that involved inpatient care or continuing treatment by a health care provider.

19.   Plaintiff's above-mentioned medical leaves were covered under the FMLA, and his rights to lawfully utilize his above-mentioned medical leaves without retaliation from his employer, the Defendant, are protected under the FMLA.

20.   Defendant failed to timely communicate and provide Plaintiff with the legally required FMLA notifications, including timely notification of Plaintiff's rights and protections under the FMLA, as well as timely notification of the FMLA leave designations to Plaintiff.

21.   Prior to filing this action, Plaintiff has satisfied all conditions precedent under the FMLA and this action, and he has timely filed this action under the FMLA.

22.   As to Defendant's dealings with the Plaintiff, Defendant unlawfully violated the FMLA, and is liable thereto, in the following ways:

      (a)   Defendant unlawfully denied or otherwise interfered with Plaintiff's statutory rights or entitlements under the FMLA;

      (b)   Defendant unlawfully failed to comply with its legal obligations to Plaintiff under the FMLA and its implementing regulations;

      (c)   Defendant unlawfully discharged Plaintiff from employment;

4

(d)     Defendant unlawfully retaliated against Plaintiff for engaging in activity protected by the FMLA; and/or,

(e)     Defendant unlawfully retaliated against Plaintiff for exercising his rights under the FMLA.

23.    Defendant acted without good faith and without reasonable grounds in its dealings with Plaintiff regarding the FMLA.

24.    Defendant willfully interfered with, denied or violated Plaintiff's FMLA rights, entitlements and protections.

25.    Defendant engaged in the above-stated actions against Plaintiff with reckless indifference to Plaintiff's statutorily protected rights under the FMLA.

26.    As a direct result of the above-stated actions by the Defendant, Plaintiff was injured in that he suffered loss of employment, lost wages, lost future wages, lost employment benefits, other lost compensation and actual monetary losses.

27.    As a direct result of the above-stated actions by the Defendant of lack of good faith, lack of reasonableness, willfulness or reckless indifference in its dealings with the Plaintiff regarding the FMLA, the Plaintiff was injured for which he is entitled to liquidated damages.

28.    WHEREFORE, Plaintiff demands judgment against Defendant and requests:

a)     an award of lost wages, lost future wages, lost employment benefits, other lost compensation and actual monetary losses;

b)     an award of interest on the total amount of the aforementioned damages;

5

c)     an additional award of liquidated damages equal to the sum of the total amount of the aforementioned damages and the interest thereon;

d)     an award of attorney's fees including litigation expenses, expert witness fees and costs of the action;

e)     and such other and further relief, including equitable relief, as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable by jury.

By _____
Tommy Meyer
Florida Bar Number 102865
Law Office of Tommy Meyer
1275 Second Street
Sarasota, Florida 34236
Telephone: (941) 955-4040
Facsimile: (941) 955-2340
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA**

PHILLIP G. LASSITER,

       Plaintiff,

vs.                                                    Case No.: 2003 CA 005300 NC Div A

DANKA OFFICE IMAGING COMPANY,

       Defendant.
_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST TO PRODUCE DOCUMENTS TO DEFENDANT**

## I.   INTERROGATORIES TO DEFENDANT

Plaintiff, by and through undersigned counsel, and pursuant to Rules 1.280 and 1.340

of the Florida Rules of Civil Procedure, hereby propounds Plaintiff's First Set of

Interrogatories to Defendant.  Plaintiff requests that the following numbered interrogatories be

answered by Defendant, in writing and under oath (by executing the attached verification form)

within forty-five (45) days of the date of service hereto.

## DEFINITIONS

For the purposes of these Interrogatories and Request to Produce Documents, the

following definitions shall apply:

1.    "You" or "your" shall mean Defendant, DANKA OFFICE IMAGING

COMPANY, and all officers, directors, employees or agents, or other persons or entities

related to Defendant, or acting on its behalf, including but not limited to Defendant's

predecessors and/or successors.

2.      "Identify" when used in reference to:

     a.      an individual, shall mean to state his or her full and present or last known address (including zip code), phone number, and present or last known position or business affiliation (designating which), and job title;

     b.      a firm, partnership, corporation, proprietorship, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Defendant;

     c.      a document or data, shall mean to state a description of the document or data, identifying the document or data with the degree of particularity that you would require for a notice to produce documents and data or subpoena duces tecum; such identification, in the case of a document or data, also means to state the date, author, sender, recipient, type of document or data or some other means of identifying it and its present location and custodian;

     d.      an oral communication or equivalent language, shall mean to state each person who participated in the oral communication which includes communications by phone, radio or other device and each person who was present at the time it was made or who participated in the oral communication; such identification, in the case of an oral communication, also means to state the date and place where such oral communication was made, or took place, whether the oral communication was made by face-to-face contact between the persons, by telephone, or by other means, the content and substance of what each such person said, and the identification of each document pertaining to each oral communication.

2

## INTERROGATORY NO. 1:

Please identify (as defined above) the individual who made the <u>initial</u> decision to choose

the Plaintiff to be terminated or laid off, along with the date this initial decision was made. In

your answer please be sure to explain in detail the decision making process (and the criteria

considered) of how and why Plaintiff was chosen to be terminated or laid off by the

aforementioned individual. In your answer please be sure to list <u>each and every reason</u> (and

<u>each and every criteria</u> considered) for the decision by the aforementioned individual to

terminate or lay off the Plaintiff. In your answer please identify (as defined above) each and

every fact, witness and document used to support this decision to terminate or lay off the

Plaintiff. Please be sure to list and explain <u>all</u> the reasons, each and every reason (including <u>all</u>

the criteria considered), by the aforementioned individual to terminate or lay off the Plaintiff

with a <u>full and detailed explanation</u> as to why the Plaintiff was chosen to be terminated or laid

off.

## ANSWER:

3

## INTERROGATORY NO. 2:

Besides the individual identified in Interrogatory No. 1 above, please identify (as

defined above) any and all other individuals who made or were involved in the decision or in

the ratification or the approval of the decision to choose the Plaintiff to be terminated or laid

off, along with the dates these decisions were made (please note that these decisions would be

the decisions made after the <u>initial</u> decision referred to in Interrogatory No. 1 above, and

thereby would be the identification of decisions separate and distinct from the <u>initial</u> decision

identified in response to Interrogatory No. 1 above). In your answer please be sure to explain

in detail the decision making process (and the criteria considered) of how and why Plaintiff

was chosen to be terminated or laid off by the aforementioned individuals. In your answer

please be sure to list <u>each and every reason</u> (and <u>each and every criteria</u> considered) for the

decision by the aforementioned individuals to terminate or lay off the Plaintiff. In your answer

please identify (as defined above) each and every fact, witness and document used to support

this decision to terminate or lay off the Plaintiff. Please be sure to list and explain <u>all</u> the

reasons, each and every reason (including <u>all</u> the criteria considered), by the aforementioned

individuals to terminate or lay off the Plaintiff with a <u>full and detailed explanation</u> as to why

the Plaintiff was chosen to be terminated or laid off.

## ANSWER:

4

## INTERROGATORY NO. 3:

Please describe in detail and identify (as defined above) any and all personnel action taken by you against Plaintiff from the time he was first hired until the present. Please identify the personnel action taken (e.g., oral or written warning, reprimand, probation, counseling, salary decrease and/or increase, demotion and/or promotion, suspension, change in job, termination, etc.), the date of the action, the reason for the action, and identify (as defined above) the individual(s) who made the decision to take the action. In your answer please state Plaintiff's last job description with you, his last job position title with you, and his last hourly wage rate.

## ANSWER:

## INTERROGATORY NO. 4:

Please describe in detail and identify (as defined above) any and all personnel action taken by you against your employee Larry Marlowe from the time he was first hired until the present. Please identify the personnel action taken (e.g., oral or written warning, reprimand, probation, counseling, salary decrease and/or increase, demotion and/or promotion, suspension, change in job, termination, etc.), the date of the action, the reason for the action, and identify (as defined above) the individual(s) who made the decision to take the action. In your answer please state Mr. Marlowe's job description with you on January 31, 2003 and his job position title with you on January 31, 2003.

## ANSWER:

## INTERROGATORY NO. 5:

Please list and identify (as defined above) each and every individual who was in the position of field engineer (or technician) and was supervised by your employee Larry Marlowe any time between September 1, 2002 through April 1, 2003. In your answer please be sure to specify the following: the name of the individual and his last business address where he worked for you during the aforementioned time period, the individual's last job position title with you during the aforementioned time period, the individual's last hourly wage rate during the aforementioned time period, the individual's dates of employment with you, and if the individual's employment ended during the aforementioned time period please state the reason why the individual's employment ended with you.

## ANSWER:

7

## INTERROGATORY NO. 6:

Please list and identify (as defined above) each and every individual who was supervised by your employee Larry Marlowe any time between September 1, 2002 through April 1, 2003 (and was not identified in response to Interrogatory No. 5 above). In your answer please be sure to specify the following: the name of the individual and his last business address where he worked for you during the aforementioned time period, the individual's last job position title with you during the aforementioned time period, the individual's last hourly wage rate during the aforementioned time period, the individual's dates of employment with you, and if the individual's employment ended during the aforementioned time period please state the reason why the individual's employment ended with you.

## ANSWER:

## INTERROGATORY NO. 7:

Please list and identify (as defined above) each and every individual who was supervised by your employee Larry Marlowe any time between September 1, 2002 through April 1, 2003, AND WHO WAS LAID OFF DURING THIS AFOREMENTIONED TIME PERIOD. In your answer please be sure to specify the following: the name of the individual and his last business address where he worked for you during the aforementioned time period, the individual's last job position title with you during the aforementioned time period, the individual's last hourly wage rate during the aforementioned time period, and the individual's dates of employment with you. In your answer please be sure to list each and every reason (along with all the criteria considered) why the individual was chosen to be laid off, and identify the individual who made the decision to lay off the individual.

## ANSWER:

9

## INTERROGATORY NO. 8:

Please list and identify (as defined above) each and every individual who was laid off by you any time between September 1, 2002 through April 1, 2003. In your answer please be sure to specify the following: the name of the individual and his last business address where he worked for you during the aforementioned time period, the individual's last job position title with you during the aforementioned time period, the individual's last hourly wage rate during the aforementioned time period, and the individual's dates of employment with you. In your answer please be sure to list each and every reason (along with all the criteria considered) why the individual was chosen to be laid off, and identify the individual who made the decision to lay off the individual.

## ANSWER:

10

## INTERROGATORY NO. 9:

Please describe in detail how you applied and complied the Family and Medical Leave Act ("FMLA"), and its implementing regulations, with the Plaintiff from October 30, 2002, up to the present.  In your answer please be sure to identify (as defined above) any and all FMLA notifications, FMLA leave designations, FMLA leave applications and FMLA related documents or correspondence you provided to the Plaintiff.  In your answer please be sure to state the date that each FMLA notification, designation, application, document or correspondence was provided to the Plaintiff.

## ANSWER:

11

## INTERROGATORY NO. 10:

If your contention is that you fully complied with the Family and Medical Leave Act, and its implementing regulations, as to the Plaintiff from October 30, 2002, up to the present, then please describe in detail and identify (as defined above) each and every fact, witness and document you rely upon to support this contention.  In your answer please be sure to provide a full and detailed explanation as to how you fully complied with the Family and Medical Leave Act, and its implementing regulations, as to the Plaintiff from October 30, 2002, up to the present.

## ANSWER:

12

## INTERROGATORY NO. 11:

Please state the name, address, and job title of the individual(s) answering these interrogatories, and if applicable, the individual's official position or relationship with the Defendant. *If there is more than one individual answering these interrogatories, please identify each interrogatory each individual answered.* If an answer to one of the above interrogatories is <u>not</u> within the personal knowledge of the individual signing the below verification form, please identify the interrogatory answer(s) that is not within the below signatory's personal knowledge, stating the name, address, and title of the individual from whom the information was obtained and/or who has personal knowledge.

## ANSWER:

## VERIFICATION

I have reviewed the above Answers to Plaintiff's First Set of Interrogatories to

Defendant, and verify under oath that they are true and correct to the best of my knowledge.

_____
Signature
On behalf of Defendant

_____
Print Name of Above Signatory
On behalf of Defendant

STATE OF FLORIDA

COUNTY OF _____

SWORN TO AND SUBSCRIBED before me this _____ day of _____,

2003, by _____, who is personally known to me or has produced _

_____ as identification.

(NOTARY SEAL)

_____
(Notary Signature)

_____
(Notary Name Printed)

NOTARY PUBLIC COMMISSION
NO. _____

14

## II.    REQUEST TO PRODUCE DOCUMENTS TO DEFENDANT

Plaintiff, by and through undersigned counsel, and pursuant to Rules 1.280 and 1.350

of the Florida Rules of Civil Procedure, hereby requests that Defendant, produce legible copies

of the documents described below by mailing the copies to the undersigned within forty-five

(45) days of the date of service hereto.

### DOCUMENTS TO BE PRODUCED AND COPIED

1.    Personnel file for Plaintiff.

2.    Any medical file for Plaintiff.

3.    Any and allo other files regarding Plaintiff.

4.    Plaintiff's job description.

5.    Personnel file for Larry Marlowe.

6.    Larry Marlowe's job description.

7.    Any and all documents related to your decision to terminate or lay off the Plaintiff,

including documents supporting your reasons (including criteria considered) to terminate or lay

off the Plaintiff.

8.    Any and all documents related to your Family and Medical Leave Act ("FMLA")

dealings with the Plaintiff, including but not limited to Plaintiff's FMLA notifications,

Plaintiff's FMLA designations, and Plaintiff's FMLA applications.

9.    Any and all documents to support your contention that you fully complied with the

FMLA and its implementing regulations as to the Plaintiff.

10.    Any and all documents identified or used in preparing your answers to Plaintiff's First

Set of Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the

Defendant's registered agent, CT Corporation System, 1200 South Pine Island Road,

Plantation, FL 33324, on the same date that Defendant's registered agent was served with

Plaintiff's Complaint as verified on the Affidavit of Service thereof.

By _____
Tommy Meyer
Florida Bar Number 102865
Law Office of Tommy Meyer
1275 Second Street
Sarasota, Florida 34236
Telephone: (941) 955-4040
Facsimile: (941) 955-2340
Attorney for Plaintiff

16